**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.B., A.B., and J.B.-1**

**No. 22-0075** (Kanawha County 21-JA-514, 21-JA-515, and 21-JA-516)

**MEMORANDUM DECISION**

Petitioner Father J.B.-2, by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's January 10, 2022, order terminating his parental rights to L.B., A.B., and J.B.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and James Wegman, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer N. Taylor, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without affording him a meaningful improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the current proceedings, petitioner's five-year-old child suffered two self-inflicted gunshot wounds while in the backseat of petitioner's vehicle. *In re E.B.*, 21-0804, 2022 WL 710821, at *1 (W. Va. March 9, 2022)(memorandum decision). Petitioner denied all wrongdoing and his parental rights to this child were involuntarily terminated on August 25, 2021. *Id*. at *2. This Court affirmed that termination. *Id*. at *4.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because one child and petitioner share the same initials, we will refer to them as J.B.-1 and J.B.-2, respectively, throughout the memorandum decision.

1

The same month the circuit court terminated petitioner's parental rights in the prior proceeding, the DHHR filed a new child abuse and neglect petition alleging that, upon investigation by the DHHR, petitioner had three other children whom he had abandoned. The DHHR alleged that petitioner withheld information regarding the three other children, L.B., A.B., and J.B.-1, in the prior proceeding and filed the underlying petition, in part, on the basis of petitioner's prior involuntary termination of parental rights to another child. At the preliminary hearing in September of 2021, petitioner acknowledged paternity of the children despite not being listed on their birth certificates. The court ordered petitioner to pay child support and ordered that his name be placed on the children's birth certificates.

The circuit court held an adjudicatory hearing in October of 2021. A DHHR worker testified consistently with the allegations in the petition and that the DHHR was required to file a petition regarding L.B., A.B., and J.B.-1 due to petitioner's prior involuntary termination of parental rights. She further stated that petitioner had not disclosed paternity of these children in the prior proceeding. Petitioner did not testify. Ultimately, the circuit court adjudicated petitioner as an abusing parent and found that there had been no change in circumstances in the conditions of abuse and neglect in petitioner's prior case. The court also noted that the DHHR was relieved of its statutory duty to provide reasonable efforts to preserve the family due to the aggravated circumstances of petitioner's prior termination of his parental rights. In late October of 2021, the DHHR submitted a court summary stating that at the multidisciplinary team meeting held that month, petitioner continued to deny all wrongdoing and failed to acknowledge the conditions of abuse and neglect. The DHHR recommended terminating petitioner's parental rights.

In November of 2021, petitioner filed a motion for a post-adjudicatory improvement period, and the guardian filed a report recommending the termination of petitioner's parental rights. That same month, the circuit court held the final dispositional hearing. A DHHR worker testified that the DHHR was recommending termination of petitioner's parental rights because he continued to deny any wrongdoing in his prior case and there was no change of circumstances in the conditions of abuse and neglect that led to the filing of the instant petition. Specifically, the worker stated that petitioner had not contacted her regarding L.B., A.B., and J.B.-1 and that he had otherwise not cooperated with the DHHR or its investigations.

During the dispositional hearing, petitioner testified that he never married the mother but maintained a friendship with her. He stated that he loved his children and that he would participate in the terms and conditions of an improvement period. He confirmed that he had paid the court-ordered child support since the preliminary hearing but admitted that he had not paid child support through the Bureau of Child Support Enforcement prior to the court's order.[2] He stated that he financially supported the mother with direct payments. On cross-examination, petitioner confirmed that he had received childcare tax credits and other federal stimulus payments for the two oldest children despite the fact that they lived solely with the mother, but he claimed that he spent the money on the children. However, the mother testified that petitioner only gave her half of the federal stimulus money and confirmed that she never received regular financial support from petitioner until the court ordered payments at the preliminary hearing in September of 2021. She stated that she rarely saw petitioner.

---

[2]Notably, the oldest child is sixteen years old.

Ultimately, the circuit court found that petitioner failed to acknowledge any responsibility for actions that resulted in significant physical harm to the child in the prior case and failed to cooperate with the DHHR and disclose paternity to L.B., A.B., and J.B.-1. The court noted petitioner's criminal history, including a criminal conviction for being a person prohibited from possessing a firearm, and that despite this restriction, petitioner left a loaded gun in the back of his vehicle with the child to whom his rights were previously terminated. The court found that petitioner had failed to pay proper child support for L.B., A.B., and J.B.-1, and that petitioner had not corrected the issues that led to the filing of both the instant petition and the prior petition. The circuit court, therefore, concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. The circuit court terminated petitioner's parental rights by its January 10, 2022, order. Petitioner now appeals this order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without affording him a meaningful improvement period. Petitioner asserts that he testified at the final dispositional hearing that he would comply with the terms and conditions of an improvement period. According to petitioner, the court failed to give him the opportunity to demonstrate his willingness to comply with the DHHR's services.[4] We disagree.

---

[3]The mother was a nonabusing parent and retains her parental rights to L.B., A.B., and J.B.-1. The children have achieved permanency in the mother's custody.

[4]Petitioner repeats arguments regarding his exercising his Fifth Amendment Right against self-incrimination that he asserted in his appeal of the prior termination of his parental rights. This Court previously addressed those arguments and found them unavailing. *See In re E.B.,* 21-0804, 2022 WL 710821 (W. Va. March 9, 2022)(memorandum decision). We decline to reconsider or readdress those meritless arguments.

3

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Further, "[t]his Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

The record is clear that petitioner failed to demonstrate that he was likely to fully participate in an improvement period. The DHHR worker testified that petitioner had not reached out to her regarding L.B., A.B., and J.B.-1 and that, at the multidisciplinary team meeting held in October of 2021, petitioner continued to deny any wrongdoing or otherwise acknowledge that his actions severely harmed one of his children. Petitioner's lack of acknowledgment also places L.B., A.B., and J.B.-1 in danger, and petitioner is unable or unwilling to address his severe deficits in parenting without acknowledging his shortfalls. Critically, petitioner's failure to acknowledge the conditions of abuse and neglect is a substantial barrier to any improvement of those conditions. This Court has held that "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Moreover, the evidence showed that petitioner did not properly financially support L.B., A.B., and J.B.-1 and that he improperly received federal money on behalf of the two oldest children, with whom he did not reside. The circuit court's finding that petitioner failed to acknowledge the conditions of abuse and neglect and his failure to financially provide for the children fully support the court's conclusion that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(c)(6) (detailing the required findings for termination of parental rights). This Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court was well within its discretion to terminate petitioner's parental rights based on the record presented, and we find no error in the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 10, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn